**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOE L. IVEY, JR.,

                            Plaintiff,

                    v.                                              No. 14-CV-326
                                                                      (MAD/CFH)
NEW YORK STATE HIGHER
EDUCATION SERVICE
CORPORATION; and NEW YORK
STATE,

                            Defendants.

---

**APPEARANCES:**                                       **OF COUNSEL:**

JOE L. IVEY, JR.
Plaintiff, Pro Se
Post Office Box 222
Albany, New York 12201

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Joe L.

Ivey, Jr. ("Ivey").  Compl. (Dkt. No. 1).  Ivey has not paid the filing fee and instead seeks

permission to proceed with this matter in forma pauperis ("IFP").  Dkt. No. 2.

### I.  Discussion

### A.  Application to Proceed IFP

Ivey has submitted an IFP Application.  After reviewing the information provided therein,

the Court finds that Ivey may properly proceed with this matter IFP.

## B. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part

that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set of
> circumstances. A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence—and each defense other than a denial—must be
> stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification

for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54

(internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a

heavy burden in terms of defendants' duty to shape a comprehensive defense and provides

no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v.

Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a

complaint does not comply with the requirement that it be short and plain, the court has the

power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d

40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for

those cases in which the complaint is so confused, ambiguous, vague, or otherwise

unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In

such cases of dismissal, especially with respect to a pro se complaint, the court generally

affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v.

Abruzzo, 49 F.3d 83, 86–87 (2d Cir. 1995).

## C. Allegations in the Complaint

Ivey brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621–24 ("ADEA"), and Civil Service Reform Act, 5 U.S.C. § 1101 et seq. ("CSRA"). Ivey also sets forth seventeen pendent state law claims.

Ivey is an African-American individual. Compl. ¶ 6. In 2003, Ivey was working for the New York State Higher Education Services Corporation ("HESC"). Id. ¶¶ 4, 9–12. At that time, Ivey was assisting co-worker Omar Holloway's ("Holloway") whistleblower case. Id. ¶ 12. Ivey was also involved in Holloway's arbitration proceedings, which took place some time between 2003 and 2008. Id. ¶ 14.

Between 2003 and 2008, Ivey had disciplinary and arbitration hearings before the New York State Public Employee Relation Board ("PERB"). Compl. ¶¶ 13, 16. Ivey asserts these proceedings were commenced against him in retaliation for assisting Holloway. Id. ¶¶ 12–13, 16. Ivey alleges that during these hearings, he was denied certain witnesses to testify on his behalf, not provided all recordings of the hearings, and incorrectly referred to as "Joseph" instead of "Joe." Id. ¶¶ 13, 15–17, 19–21. Some time between 2007 and 2008, PERB issued a decision in which it granted HESC's request to terminate Ivey while correctly referring to Ivey as "Joe." Id. ¶ 24. In November 2008, Ivey applied for unemployment benefits. Id. ¶ 25.

In or about April 2009, Ivey was notified to provide the arbitration decision to the New York State Department of Labor ("DOL") for an administrative hearing. Compl. ¶ 28. On May 6, 2009, HESC was absent at the hearing before Administrative Law Judge Joseph Baum ("Baum"). Id. ¶ 29. Ivey asserts that Baum erred in concluding that Ivey had failed to

4

submit the arbitration decision.  Id. ¶ 30.  Ivey further alleges that Baum had recorded the

hearing but failed to provide him a recording of it.  Id. ¶ 31.  On May 7, 2009, DOL denied

Ivey's unemployment insurance application.  Id. ¶ 32.

Subsequently, Ivey filed several complaints and appeals.  Between 2008 and 2010,

Ivey filed a complaint with the New York Division of Human Rights against HESC.  Compl. ¶

33.  In or about May 2010, Ivey appealed the DOL decision to the Appellate Division, Third

Department.  Id. ¶ 34.  In or about November 2010, the Appellate Division upheld the DOL

decision.  Id.  Finally, on or about December 26, 2013, Ivey received a "notice-of-right-to-

sue" letter from the United States Equal Employment Opportunity Commission ("EEOC").[1]

Id. ¶ 36.  For a more complete statement of Ivey's claims, reference is made to the

complaint.

### i.  Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall

not be construed to extend to any suit in law or equity, commenced or prosecuted against

one of the United States by Citizens of another State, or by Citizens or Subjects of any

Foreign State."  U.S. CONST. amend. XI.  "[D]espite the limited terms of the Eleventh

Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her]

own State."  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing

Hans v. Louisiana, 134 U.S. 1, 21 (1890)).  Regardless of the nature of the relief sought, in

the absence of the State's consent or waiver of immunity, a suit against the State or one of

---

[1]  Ivey did not attach the EEOC letter to his complaint.

its agencies or departments is proscribed by the Eleventh Amendment.  Halderman, 465

U.S. at 100.  ADEA claims do not abrogate the Eleventh Amendment immunity of the

states.[2]  Hamzik v. Office for People with Developmental Disabilities, 859 F. Supp. 2d 265,

267 (N.D.N.Y. 2012) (citations omitted).  This is also true for § 1981 claims.  Buckley v. New

York, 959 F. Supp. 2d 282, 294 (E.D.N.Y. 2013) (citations omitted).  Thus, Ivey may not

bring ADEA or § 1981 claims against the State of New York or HESC.

### ii.  CSRA

The CSRA "established a comprehensive system for reviewing personnel action taken

against federal employees."  Elgin v. Dep't of Treasury, – U.S. –, 132 S. Ct. 2126, 2130

(2012) (citing United States v. Fausto, 484 U.S. 439, 455 (1988)).  Here, Ivey invokes a

provision of the CSRA that provides judicial review of decisions of the Merit Systems

Protection Board, a review board for the terminations of federal employees.  See 5 U.S.C. §

7701–03.  However, Ivey's complaint does not contain any allegation that he was a federal

employee during the time period from which the relevant events occurred.  Moreover, Ivey's

complaint only names state defendants.  Therefore, CSRA is inapplicable to Ivey's factual

allegations.  Accordingly, Ivey has failed to "plead[] factual content that allows the court to

draw the reasonable inference that the defendant[s are] liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

---

[2]  On the other hand, Title VII claims have abrogated the Eleventh Amendment immunity of the states when Congress enacted the 1972 amendments to Title VII. Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976).

### iii. Title VII - Discrimination Claims

Title VII makes it unlawful for an employer "to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).[3] To establish an employment discrimination claim, there must be a showing that the: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for his or her position; (3) plaintiff was subjected to an adverse employment action; and (4) adverse employment action took place under circumstances giving a rise to an inference of discrimination based on plaintiff's membership in the protected class. Baker v. Salvation Army, No. 12-CV-1836 (LEK/DEP), 2013 WL 2181278, at *3 (N.D.N.Y. May 20, 2013)[4] (citing Ruiz v. City of Rockland, 609 F.3d 486, 491–92 (2d Cir. 2010)). Here, Ivey has alleged that he is African-American, was working at HESC for a number of years, became a whistleblower, and was harassed and terminated from HESC while other non-African-Americans who were similarly-situated did not receive the same mistreatment. Further, Ivey has stated that he received a right-to-sue letter from the EEOC in or about December 26, 2013. Accordingly, despite Ivey's conclusory statements, liberally construing the complaint, Ivey may have set forth a Title VII violation. In light of his pro se status, the Court recommends that Ivey be afforded an opportunity to amend his complaint to make clear this cause of action. Ivey should also be provided an opportunity to provide more facts in his amended complaint which would allow the Court, and defendants, to assess whether a

---

[3] Under Title VII, individuals are not subject to liability. Rozenfeld v. Dep't. of Design & Constr. of City of New York, 875 F. Supp. 2d 189, 201 (S.D.N.Y. 2012) (citation omitted).

[4] All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

meritorious action is stated.

### iv. Title VII - Retaliation and Harassment Claims

To state a <u>prima</u> <u>facie</u> case of retaliation under Title VII, the plaintiff must show that: (1) he was engaged in a protected activity by opposing a practice that is made unlawful by Title VII; (2) his employer was aware of the protected activity; (3) he was subjected to adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. <u>Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.</u>, 716 F.3d 10, 14 (2d Cir. 2013) (citing <u>Lore v. City of Syracuse</u>, 670 F.3d 127, 157 (2d Cir. 2012), <u>McMenemy v. City of Rochester</u>, 241 F.3d 279, 285 (2d Cir. 2001)). As for a racial harassment claim, a plaintiff may proceed under the theory of a hostile work environment. <u>Torres v. Pisano</u>, 116 F.3d 625, 630 (2d Cir. 1997) (citing <u>inter</u> <u>alia</u> <u>Harrison v. Metropolitan Gov't. of Nashville and Davison Cnty</u>, 80 F.3d 1107, 1118 (6th Cir.), <u>cert. denied</u>, 519 U.S. 863 (1996)). A hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment." <u>Id.</u> at 631 (citing <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993)). Here, Ivey asserts retaliation and harassment claims based on his whistleblower activities rather than unlawful employment practices involving race, color, religion, sex, or national origin made unlawful by Title VII. Therefore, Ivey's allegations are insufficient to allow the court to draw the inference that defendants are liable for the alleged misconduct under Title VII. <u>Iqbal</u>, 556 U.S. at 678.

8

### v. State Common Law Claims

As an initial matter, pursuant to 28 U.S.C. § 1367(c), a district court may decline to

exercise supplemental jurisdiction where "the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under

the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will

point toward declining to exercise jurisdiction over the remaining state-law claims." Pension

Ben. Guar. Corp., 712 F.3d 705, 727 (2d Cir. 2013) (quoting Valencia ex rel. Franco, 316

F.3d 299, 306 (2d Cir. 2003)) (internal quotation marks omitted). Thus, if the federal claims

are dismissed before trial, then any remaining state law claim should generally be

dismissed. Sulehria v. New York, No. 12-CV-21 (LEK/ATB), 2012 WL 1288760, at *10

(N.D.N.Y. Feb. 8, 2012) (citation omitted).

A review of the complaint with respect to the state law claims reveals that the pleading

clearly fails to satisfy the federal pleading requirements. Ivey alleges general allegations for

seven species of fraud against defendants for their purported actions during Ivey's

disciplinary and arbitration hearings. Ivey's complaint is replete with citations to online news

articles that are irrelevant to Ivey's claims. The Court does not understand the purpose of

the two self-created charts submitted by Ivey. Further, while much of Ivey's complaint

contains numbered paragraphs, Ivey's allegations are disjointed and confusing, generally

failing to notify the Court, or defendants, how he is entitled to relief. Flores, 189 F.R.D. at

54. Ivey asserts that defendants committed fraud against him between 2004 and 2008 but

fails to allege with specificity when the facts underlying those claims had occurred and how

they are connected to his claims. For example, Ivey brings the defense of fraud in the

factum, alleging

> [HESC] and CSEA Local 1000 supplied employment related
> checks to Mr. Ivey, against the decision and order of [PERB]
> Arbitrator's decision in 2008.  There were also situations
> involving Mr. Ivey's personal and professional matters, such as
> child-support, health care insurance and pension fund
> contributions.  Mr. Ivey contacted NYOSC Thomas DiNapoli's
> office and received a response indicating that New York State
> Inspector General Joseph Fisch would be contacted.

Compl. at 8–9.  The Court cannot make out how Ivey was injured by the issuance of these employment-related checks and why Ivey seeks court intervention for such matters. Furthermore, to the extent that Ivey was attempting to allege that defendants had committed crimes under New York law, Ivey neither has a private right of action to enforce state criminal statutes nor the authority to institute a criminal investigation.  Sulehria, 2012 WL 1288760, at *11 (citation omitted).  After reviewing the complaint with respect to the state law claims, the Court is confused as to what Ivey's claims are and the dates for which the underlying facts had occurred.

Moreover, Ivey's complaint presents a host of statute of limitation issues.  See e.g., Gander Mountain Co. v. Islip U-Slip LLC, No. 13-0912-CV, 2014 WL 1284842, at *1 (2d Cir. Apr. 1, 2014) ("Under New York law, the statute of limitations for fraud is 'the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it.'") (citing N.Y. C.P.L.R. § 213(8)); In re Roman Catholic Diocese of Albany, New York, Inc., No. 13-4736-CV, 2014 WL 485948, at *4 (2d Cir. Feb. 7, 2014) ("In New York, . . . the statute of limitations applicable to negligence claims is the three-year statute found in C.P.L.R. 214(5)."); McKenzie v. Dow Jones & Co., Inc., 355 F. App'x 533, 535 (2d Cir. 2009) ("Under

10

New York law, the statute of limitations for a defamation claim is one year.") (citing N.Y. C.P.L.R. § 215(3)); Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509, 518 (2d Cir. 2001) ("The statute of limitations in New York for claims of unjust enrichment . . . is generally six years.") (citing N.Y. C.P.L.R. §§ 213(1), (7)); Solomon v. Siemens Indus., Inc., No. 11-CV-1321 (DLI)(SMG), 2014 WL 1271192, at *19 (E.D.N.Y. Mar. 26, 2014) ("the limitations period applicable to claims for intentional infliction of emotional distress is one year") (citation omitted); Balk v. New York Inst. of Tech., No. 11-CV-509 (JFB)(AKT), 2014 WL 1236562, at *11 (E.D.N.Y. Mar. 24, 2014) ("a conspiracy to defraud claim must be brought within six years of the date of the fraud or two years from the date of discovery, whichever period is longer") (citations omitted); Coggins v. Cnty. of Nassau, No. 07-CV-3624 (JFB)(AKT), 2013 WL 6224631, at *14 n.12 (E.D.N.Y. Dec. 2, 2013) ("Intentional misrepresentation claims are governed by the six-year statute of limitations for actual frauds.") (altercation and citation omitted). To the extent Ivey has provided dates in his complaint, the majority of such dates refers only to years, most of which occurred on or before 2008, which is six years prior to the commencement of this action. The Court cannot ascertain which state law claim arose from facts occurring within the appropriate statute of limitations.

Accordingly, in light of Ivey's pro se status, it is recommended that Ivey be given an opportunity to provide more facts in his amended complaint which would allow the Court, and defendants, to assess whether a meritorious state law claims are stated.


## II. Amendment

In sum, Ivey's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate

pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  However, in light of Ivey's pro se status, this

Court recommends that prior to dismissing this action, Ivey be directed to amend his

complaint to provide clearer details regarding his claims.  Ivey is directed to draft a

complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662

(2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678

(citations omitted).  Specifically, Ivey is directed to draft a complaint which Ivey will have to

allege specific facts sufficient to plausibly state that the named defendants deprived him of

his rights pursuant to Title VII and state common law.


### III.  Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**;[5] and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and §

1915A, plaintiff's complaint is **DISMISSED** for failure to comply with the pleading standards

and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of plaintiff's pro se status, prior to

dismissing plaintiff's complaint in its entirety, he be provided an opportunity to amend his

complaint to amplify the facts that would support his claim for entitlement to relief; and it is

further

---

[5]   Plaintiff should note that although his IFP Application has been granted, plaintiff
will still be required to pay fees that he may incur in this action, including copying and/or
witness fees.

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated:  April 7, 2014
       Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge