**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOE L. IVEY, JR.,**

                              **Plaintiff,**

    vs.                                                      1:14-cv-326
                                                                   (MAD/CFH)

**STATE OF NEW YORK; NEW YORK STATE
HIGHER EDUCATION SERVICE
CORPORATION,**

                              **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**JOE L. IVEY, JR.**
P. O. Box 222
Albany, New York 12201
Plaintiff *pro se*


**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff commenced this action *pro se* on March 25, 2013, against the State of New York and the New York State Higher Education Services Corporation ("NYSHESC"). *See* Dkt. No. 1. Plaintiff seeks, among other things, $100,000,000 in damages based upon claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981a, the Age Discrimination in Employment Act ("ADEA"), and the Civil Service Reform Act ("CSRA"), as well as seventeen pendent state law claims.

In an April 7, 2014, Report-Recommendation and Order, Magistrate Judge Christian F. Hummel granted Plaintiff's application to proceed *in forma pauperis* and reviewed the sufficiency of the complaint. *See* Dkt. No. 3. Magistrate Judge Hummel first noted that the Eleventh Amendment bars Plaintiff's Section 1981 and ADEA claims against the State of New York and

NYSHESC. *See id.* at 6. Magistrate Judge Hummel also noted that Plaintiff had not alleged that he was a federal employee, and thus, the complaint did not state a cause of action under CSRA. *See id.* With respect to Plaintiff's Title VII claims, Magistrate Judge Hummel found the discrimination allegations to be conclusory and subject to dismissal, but recommended that Plaintiff be afforded an opportunity to amend his complaint to add further factual details. *See id.* at 7. As to Plaintiff's putative Title VII retaliation and harassment claims, Magistrate Judge Hummel found that Plaintiff's "allegations are insufficient to allow the court to draw the inference that defendants are liable for the alleged misconduct under Title VII." *Id.* at 8. Finally, Magistrate Judge Hummel noted that "[a] review of the complaint with respect to the state law claims reveals that the pleading fails to satisfy the federal pleading requirements." *Id.* at 9. As such, Magistrate Judge Hummel recommended that the Court dismiss the complaint. Magistrate Judge Hummel recommended that, in the alternative, Plaintiff be given the opportunity to amend the complaint in light of his *pro se* status. Plaintiff did not file any objections to Magistrate Judge Hummel's Report-Recommendation. Instead, on April 21, 2014, Plaintiff filed an amended complaint. *See* Dkt. No. 4.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Hummel's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Hummel correctly recommended that the Court should dismiss Plaintiff's complaint. A review of Plaintiff's complaint makes clear that it suffers from serious deficiencies, as outlined in Magistrate Judge Hummel's Report-Recommendation. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Accordingly, the Court also adopts Magistrate Judge Hummel's recommendation that Plaintiff be permitted an opportunity to amend his complaint.

Rather than object to Magistrate Judge Hummel's Report-Recommendation, Plaintiff elected to amend his complaint. Having adopted Magistrate Judge Hummel's recommendation

that Plaintiff be granted leave to amend, the Court will accept Plaintiff's amended complaint as the operative pleading in this case and review its sufficiency. When a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e).

In the amended complaint, Plaintiff dropped the State of New York as a defendant and named four new, individual defendants – Linda Dillon, Dennis H. Langley, Ruth Smith, and Karen Chan. Plaintiff also appears to have specifically pled a hostile work environment claim. The remaining claims and supporting allegations in the amended complaint are otherwise the same as those set forth in the original complaint. Having carefully reviewed the amended complaint, the Court finds that it suffers from the same deficiencies which prompted Magistrate Judge Hummel to recommend dismissal. As such, the amended complaint is likewise subject to dismissal. Moreover, it appears that permitting any further amendment would be futile. An opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, the Court finds that amendment would be futile. Plaintiff has already attempted to replead his claims once by filing an amended complaint, and he has nevertheless failed to state a plausible claim for relief. Reading the complaint liberally, there is no "suggest[ion] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and . . . should therefore be given a chance to

reframe." *Cuoco*, 222 F.3d at 112.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 3) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: May 13, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge