**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOE L. IVEY, JR.,**

         **Plaintiff,**

 vs.               **1:14-cv-326**
                   **(MAD/CFH)**

**STATE OF NEW YORK; NEW YORK STATE**
**HIGHER EDUCATION SERVICE**
**CORPORATION,**

         **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**JOE L. IVEY, JR.**
P. O. Box 222
Albany, New York 12201
Plaintiff *pro se*


**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

  Plaintiff seeks reconsideration of this Court's May 13, 2014, Order adopting Magistrate Judge Christian F. Hummel's Report-Recommendation and Order and dismissing Plaintiff's amended complaint for failure to state a claim.

  Rule 60(b) provides that, upon a motion and just terms, the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; . . . or
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Relief under Rule 60 is considered "extraordinary judicial relief[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). For that reason, the motion will generally be denied unless the moving party can show that the court overlooked facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995). Motions to vacate or to reconsider should not be granted if a moving party seeks only to relitigate an issue that has already been fully considered by the court. *Shrader*, 70 F.3d at 257. The Second Circuit has warned that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

In the present matter, Plaintiff does not assert an intervening change in controlling law or the existence of new evidence not previously available. Rather, it appears that Plaintiff argues that the Court's May 13, 2014, Order should be altered in order to correct a clear error of law or prevent manifest injustice. Plaintiff complains that the May 13, 2014, Order "is a manner and matter of ambiguity." Dkt. No. 8 at 1. Specifically, Plaintiff asserts that Magistrate Judge Hummel's Report-Recommendation placed him in a "Catch-22" whereby "[i]t appears that if Pro Se' [sic] Plaintiff Ivey amended a complaint, then his claims are being dismissed for not objecting; and if he submits an objection, then his claims are likely to be dismissed for not amending his complaint. It appears that Pro Se' [sic] Plaintiff Ivey's amended complaint is not

accepted as an objection." *Id.*

The Court's May 13, 2014, Order first reviewed Magistrate Judge Hummel's Report-Recommendation, and determined whether to accept, reject, or modify the same. Plaintiff did not file any objections to Magistrate Judge Hummel's Report-Recommendation. Contrary to Plaintiff's insinuation, the filing of an amended complaint does not constitute a valid objection to a magistrate judge's recommendation. Accordingly, the Court applied the appropriate standard in the absence of any specific objections from Plaintiff, found no clear error in Magistrate Judge Hummel's recommendations, and adopted the Report-Recommendation in its entirety. At the time Plaintiff filed the amended complaint, the Report-Recommendation had not been adopted and no order of this Court had issued granting Plaintiff the authority to do so. Nevertheless, having adopted Magistrate Judge Hummel's recommendation that Plaintiff be permitted an opportunity to amend his complaint in light of his status as a *pro se* litigant, the Court accepted Plaintiff's amended complaint as the operative pleading. The Court then undertook an independent review of Plaintiff's amended complaint, as is required where a plaintiff seeks to proceed *in forma pauperis*. Upon finding that the amended complaint failed to cure the deficiencies found in the original complaint, the Court dismissed the action with prejudice.

Plaintiff's contentions that this Court's Order was ambiguous and placed him in a "Catch-22" are unfounded and, in any event, do not amount to a clear error of law or a manifest injustice. *See generally Samuel v. Excelsior College*, No. 14-CV-456, 2014 WL 2105839 (N.D.N.Y. May 20, 2014) (adopting magistrate judge's recommendation that the complaint be dismissed where the plaintiff "prematurely filed an amended complaint . . . prior to the deadline for objections and prior to any ruling" on the report-recommendation, and dismissing amended complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim). Plaintiff's remaining contentions, presented in

the form of a collection of seemingly unrelated citations to press reports and federal and state judicial decisions, also fail to articulate sufficient grounds warranting reconsideration.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 8) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**
Dated: June 6, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge